UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| STEPHEN R. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 4:16-cv-00145-RLY-TAB |
| | ) | |
| LOUISVILLE GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Defendant, Louisville Gas & Electric Company, has an easement on a parcel of land owned by Plaintiff, Stephen R. West. Plaintiff maintains that Defendant has exceeded the scope of the easement by allowing a third party to install fiber optic cable on the property. He consequently filed this lawsuit, alleging four counts: (1) declaratory judgment to establish the scope of the easement, (2) trespass, (3) unjust enrichment, and (4) breach of contract. Defendant now moves to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the plain language of the easement explicitly allows for such use. The court finds that there is a dispute of fact precluding dismissal, and therefore **DENIES** Defendant's motion.

**I. Background**

Plaintiff owns a parcel of real estate in Jeffersonville, Indiana, located at 51 Arctic Springs Road (the "Property"), which he acquired from his parents. (Filing No. 1-1, Complaint ¶¶ 4, 8). The Property includes a tower, approximately 248 feet in height,

which is used by Defendant to run utility lines over the Ohio River. (*Id.* ¶ 5). Defendant operates the tower pursuant to an easement, the history of which is discussed below.

In 1938, the Interstate Public Service Realty Company granted an easement to the Public Service Company of Indiana ("PSCI") (the "1938 Easement"). (*Id.* ¶ 6; Filing No. 1-1, Exhibit A). As grantee, PSCI received

> a right-of-way and perpetual easement to maintain, operate, renew, repair and remove a line or lines of poles and towers and all necessary equipment, wires, cables and appurtenances in connection therewith, for the transmission, distribution and delivery of electrical energy to the Grantee and other persons and concerns and to the public in general for light, heat, power, telephone and/or other purposes.

(Exhibit A).

In the 1970s, Plaintiff's parents, Billy and Barbara West, acquired the Property. (Complaint ¶ 8). Subsequently, on July 8, 1976, PSCI assigned its rights in the 1938 Easement to the Ohio Valley Transmission Corporation ("OVTC"), a subsidiary of Defendant. (*Id.* ¶¶ 2, 9; Filing No. 1-1, Exhibit B). In August 1976, the Wests entered into a Supplemental Deed of Easement with OVTC regarding the 1938 Easement (the "First Supplemental Agreement"). (Complaint ¶ 10; Filing No. 1-1, Exhibit C). In the recitals, the First Supplemental Agreement discusses the 1938 Easement and the assignment, and then explains that OVTC "desires to replace the existing transmission lines and upgrade its facilities and wishes to update said easements so as to specifically define the rights of the parties." (Exhibit C at 1). The agreement then provides,

> Grantors hereby convey and re-convey to the Company all rights heretofore acquired by the Company or its predecessors, including the perpetual right, privilege and easement to enter upon, construct, reconstruct, replace, upgrade, maintain, operate, and/or remove, one or more lines for the

2

> transmission of electrical energy, together with any and all towers, poles, guys, stubs, anchors, foundations, and other necessary equipment, fixtures and appurtenances over, across, and within the existing 100 feet wide easement, a part of or all of which crosses the property of Grantors . . . .

(*Id.* at 2).

In the late 1990s, Defendant approached Plaintiff's parents and asked them to enter into a second Supplemental Deed of Easement (the "Second Supplemental Agreement"). (Complaint ¶ 12; Filing No. 1-1, Exhibit D). The Second Supplemental Agreement provides,

> [I]n addition to all rights granted to the Company in the Existing Easement, the Owner does hereby further grant and convey unto the Company the right and easement to construct, maintain, operate, repair, replace, upgrade and remove communication and telephone systems, including all equipment, facilities and lines appropriate in connection therewith, over, across, and under Owner's property . . . .

(Exhibit D at 1). Plaintiff's parents refused to accept the proposal, and the Second Supplemental Agreement was never executed. (Complaint ¶ 12; Exhibit D at 2-3).

Plaintiff filed this action because unbeknownst to him or his parents, Defendant subsequently entered into an agreement with Time Warner Cable ("TWC") to lease space on the tower in order to run fiber optic cable over the Property. (Complaint ¶ 13). TWC's fiber optics allow it to provide internet and television services to Clark County. (*Id.*).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "Dismissal is appropriate under that rule when the factual allegations in the complaint, accepted as true,

do not state a facially plausible claim for relief." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III. Discussion**

Plaintiff's Complaint alleges four separate causes of action, but each count presumes that the 1938 Easement (and perhaps the First Supplemental Agreement) does not permit placement of TWC's fiber optic cable on the Property. If those documents expressly allow for such use as Defendant argues, Plaintiff has failed to state a claim.[1] Dismissal with prejudice of all counts would be required. *See Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit . . . .").

Defendant bases its motion entirely on the language of the 1938 Easement, arguing that the First Supplemental Agreement and the Second Supplemental Agreement constitute extrinsic evidence that should not be considered by the court. *See Bar Plan Mut. Ins. Co. v. Likes Law Office, LLC*, 44 N.E.3d 1279, 1285 (Ind. Ct. App. 2015) ("[W]here the language of a contract is unambiguous, the parties' intent is to be determined by reviewing the language contained within the 'four corners' of the contract, and parol or extrinsic evidence is inadmissible to expand, vary, or explain the instrument

---

[1] Plaintiff attached the 1938 Easement, the First Supplemental Agreement, and the Second Supplemental Agreement to his Complaint. Therefore, the court may properly consider them in resolving this motion. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639-40 (7th Cir. 2015) ("In deciding a Rule 12(b)(6) motion, the court may consider documents attached to a complaint, such as contract documents, without converting the motion into one for summary judgment.") (citing Fed. R. Civ. P. 10(c)).

4

. . . .") (some quotation marks omitted).  Plaintiff disagrees, but the court need not resolve this issue in order to dispose of the instant motion.  For purposes of Defendant's Rule 12(b)(6) challenge, the court assumes that the 1938 Easement is the controlling contract.

According to the 1938 Easement, the grantee of the easement gained the right to operate lines and other equipment on the Property "for the transmission, distribution and delivery of electrical energy . . . for light, heat, power, telephone and/or other purposes."  Defendant argues this language unambiguously authorizes it, as grantee, to operate lines for "other purposes" not explicitly stated in the agreement.  Contracting with TWC to provide internet and television services through fiber optic cable is permissible because it allegedly falls within that catchall.

Plaintiff retorts that Defendant confuses the purpose of the easement–the conveyance of "electrical energy"–with the potential uses for that energy–heat, light, power, telephone, etc.  In other words, the 1938 Easement does not say: "for the transmission, distribution and delivery of electrical energy and/or other purposes . . . for light, power, telephone and/or other purposes."  According to Plaintiff, how the "electrical energy" transmitted over the easement can be used is arguably open-ended; what can be sent over the easement is not.  He maintains that the plain language of the 1938 Easement only authorizes the grantee to transmit electricity, not television programming or internet services.  The "other purposes" language Defendant relies upon purportedly refers to how the *electricity* will be used, not how the easement itself will be used.

5

At this early stage in the proceeding, the court declines to opine on the correct reading of the 1938 Easement. Such a determination is best saved for the merits. Based upon the limited record before the court, the parties have both presented reasonable, yet conflicting interpretations of the language. This dispute of fact precludes the court from finding, as a matter of law, that Plaintiff has failed to state a claim. *See Cushing v. City of Chi.*, 3 F.3d 1156, 1163 (7th Cir. 1993) (concluding a determination that "involves issues of fact" is "inappropriate for resolution in a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6)"); *Victims of the Hungarian Holocaust v. Hungarian State Rys.*, 798 F. Supp. 2d 934, 938 (N.D. Ill. 2011) ("[T]he motion to dismiss stage is not the proper juncture to resolve disputed facts."). In order to survive a Rule 12(b)(6) challenge, the court need only find that Plaintiff has "nudged [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. He has done that here.

Defendant also argues that its agreement with TWC to share its rights under the 1938 Easement furthers Indiana public policy. Specifically, Defendant claims Indiana prefers utility companies to share equipment in order to minimize the need for duplicate facilities. Defendant also maintains that including fiber optic cable in the lines running across the Property does not place any additional burden on the land because, *inter alia*, no extra construction was necessary. Again, these arguments go to the merits of the suit as they have no bearing on whether Plaintiff has stated a plausible claim for relief.

**IV. Conclusion**

Therefore Defendant's Motion to Dismiss (Filing No. 7) is **DENIED**.

**SO ORDERED** this 28th day of October 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.