UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| STEPHEN R. WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:16-cv-00145-RLY-TAB |
| | ) | |
| LOUISVILLE GAS & ELECTRIC COMPANY, | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| INSIGHT KENTUCKY PARTNERS II, L.P., | ) | |
| TIME WARNER CABLE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| LOUISVILLE GAS & ELECTRIC COMPANY, | ) | |
| | ) | |
| Cross Claimant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC., | ) | |
| INSIGHT KENTUCKY PARTNERS II, L.P., | ) | |
| TIME WARNER CABLE, | ) | |
| | ) | |
| Cross Defendants. | ) | |

**ENTRY ON DEFENDANT LOUISVILLE GAS & ELECTRIC COMPANY'S PARTIAL MOTION TO DISMISS**

The present action filed by Plaintiff, Stephen R. West, against Defendants, Louisville Gas & Electric Company, Charter Communications, Inc., Insight Kentucky Partners II, L.P., and Time Warner Cable, arises out of a dispute over the scope of an easement covering Plaintiff's land. Louisville Gas & Electric Company ("LGEC") seeks

1

to dismiss two of Plaintiff's claims from the Amended Complaint—criminal trespass (Count Three) and conversion (Count Seven)—based, in part, on the court's previous Entry which addressed LGEC's first motion to dismiss. (Filing No. 18). For the reasons stated below, the court **DENIES** the motion.

**I.     Background**

The court assumes the parties' familiarity with the facts set forth in its previous Entry, (*see* Filing No. 18), and so the court will only provide a brief summary here.

Plaintiff owns a parcel of real estate (the "Property") in Jeffersonville, Indiana. (Filing No. 33, Amended Complaint at ¶ 8). Located on the Property is a 248-foot tall tower that LGEC owns and utilizes to run electric utility lines between Kentucky and Indiana. (*Id.* at ¶ 9). In 2000, LGEC contracted with Time Warner Cable[1] ("TWC") to run fiber optic cables across the already existing infrastructure owned by LGEC. (*Id.* at ¶ 17). The rights of the parties with respect to the Property and the fiber optics are governed by an easement and supplemental agreement, though the parties dispute their scope and application.

LGEC maintains that the original 1938 Easement (the "Easement") is controlling. The Easement provides there be:

> [A] right of way and perpetual easement to maintain, operate, renew, repair, and remove a line or lines of poles and towers and all necessary equipment, wires, cables, and appurtenances in connection therewith, for the

---

[1]LGEC actually contracted with Insight which was a subsidiary of Time Warner Cable, Inc. It appears that there technically is no legal entity named "Time Warner Cable" as Charter Communications, Inc. completed the acquisition of TWC through a merger in 2016. (*See* Filing No. 55, Defendant Charter Communications, Inc. Motion to Dismiss at 1 n. 1). However, the parties refer to TWC in their briefing and so the court does the same.

> transmission, distribution and delivery of electrical energy to the Grantee and other persons and concerns and to the public in general for light, heat, power, telephone and/or other purposes . . . .

(Filing No. 33-1, Exhibit A). And so the story goes, according to LGEC, that the Easement unambiguously permits the placement of fiber optic cables because it allows for the "delivery of electrical energy" for "other purposes."

Plaintiff views the situation differently. Plaintiff points out that in 1976, Plaintiff's predecessor-in-interest entered into a Supplemental Deed of Easement (the "1976 Supplemental Agreement") with the Ohio Valley Transmission Corporation, a subsidiary of LGEC. The 1976 Supplemental Agreement reads, in part:

> Grantors hereby convey and re-convey to the Company all rights heretofore acquired by the Company or its predecessors, including the perpetual right, privilege and easement to enter upon, construct, reconstruct, replace, upgrade, maintain, operate, and/or remove, one or more lines for the transmission of electrical energy, together with any and all towers, poles, guys, stubs, anchors, foundations, and other necessary equipment, fixtures and appurtenances over, across, and within the existing 100 feet wide easement, a part of or all of which crosses the property of Grantors . . . .

(Filing No. 33-3, Exhibit C). According to Plaintiff, the 1976 Supplemental Agreement—which allegedly clarifies the "other purposes" phrase that exists in the Easement—supersedes the Easement and re-defines the rights of the parties. Accordingly, Plaintiff argues that the 1976 Supplemental Agreement does not permit the placing of the fiber optic cables within LGEC's existing infrastructure.

LGEC previously filed a Motion to Dismiss (Filing No. 7) arguing that the Easement expressly permitted the placement of fiber optic cables across the infrastructure as a matter of law. The court denied LGEC's Motion. (Filing No. 18). In its Entry, the

court noted that both parties had presented reasonable yet conflicting interpretations of the language within the Easement. (*Id.* at 6). As such, it declined to find that Plaintiff could not make out his claims as a matter of law.

After the court's denial, Plaintiff amended his complaint and added (among others) claims of criminal trespass and conversion against all Defendants. It is these two claims that form the basis for LGEC's present motion.

## II. Discussion

LGEC moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims of criminal trespass and conversion. LGEC argues that Plaintiff cannot prove as a matter of law that LGEC had the requisite *mens rea* given the court's prior ruling. If LGEC's interpretation of the easement turns out to be erroneous, then Plaintiff might have a claim for *civil* trespass or conversion but not for one that is *criminal*. Further, LGEC argues that Plaintiff cannot make out a claim for criminal trespass as a matter of law because LGEC had a contractual right to utilize the easement.

### A. Legal Standard

Dismissal is appropriate under Rule 12(b)(6) where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, a district court must accept all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See West Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). "A complaint should not be dismissed unless 'it is clear that no relief could be granted under any set of facts that could be

proved consistent with the allegations.'" *Cushing v. City of Chi.*, 3 F.3d 1156, 1159 (7th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

      B.     **Criminal Trespass**

Plaintiff brings his criminal trespass claim against LGEC under the Indiana Crime Victim's Relief Act ("ICVRA"), which permits the victim of certain crimes to bring a civil action against the person who caused the loss for treble damages. *See Palmer Dodge, Inc. v. Long*, 791 N.E.2d 788, 791 (Ind. Ct. App. 2003). One of the crimes listed in the ICVRA is criminal trespass. *See* Ind. Code § 34-24-3-1. A person commits a criminal trespass when, "not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent." Ind.Code § 35-43-2-2(b)(1). The plaintiff "must prove by a preponderance of the evidence that the defendant committed a criminal act, even though his conviction is not a condition precedent to recovery." *Harco, Inc. of Indianapolis v. Plainfield Interstate Family Dining Associates*, 758 N.E.2d 931, 945 (Ind. Ct. App. 2001) (citation omitted).

The dispositive question at this stage of the proceedings is whether Plaintiff has plausibly alleged that LGEC knowingly or intentionally, without having a contractual right, entered Plaintiff's property after having been denied entry. Plaintiff has alleged that LGEC did not have a contractual interest to install fiber optic cables (Complaint at ¶ 42), knowingly and intentionally ran the fiber optic cables across Plaintiff's property (*Id.* at ¶ 43), and ran such cables after having been denied permission. (*Id.*). These allegations show that it is at least plausible that LGEC committed a criminal trespass onto

5

Plaintiff's property. *See Gordon v. Bank of New York Mellon Corp.*, 964 F.Supp.2d 937, 943-44 (N.D. Ind. 2013) (denying a defendant's motion to dismiss where plaintiff had plausibly alleged violations under the ICVRA).

LGEC contends that Plaintiff cannot make out a claim for criminal trespass as a matter of law because the court's previous Entry precludes a finding of the requisite *mens rea* for criminal trespass. In support of this position, LGEC points the court to Indiana authority holding that a reasonable, albeit mistaken, interpretation of an ambiguous contract will preclude a finding of the required *mens rea*. *See e.g. NationsCredit Commercial Corp. v. Grauel Enterprises, Inc.*, 703 N.E.2d 1072, 1078 (Ind. Ct. App. 1998). But the holding in *NationsCredit* came after there were factual findings, specifically after a bench trial. *Id.* at 1074. Here, there have been no factual findings as doing so would be impermissible at this point in the proceedings. *In re Consolidated Industries*, 360 F.3d 712, 717 (7th Cir. 2004) (citation omitted). Until there is a finding that LGEC acted in accordance with a reasonable interpretation of the easement, Plaintiff is permitted to pursue his claim.[2]

LGEC also contends that Plaintiff cannot make out his claim from criminal trespass as a matter of law because LGEC has a contractual interest in the property. It is

---

[2] Contrary to what appears to be LGEC's position, the court did not find in its previous Entry that LGEC reasonably interpreted the Easement when it installed fiber optic cables. That is a factual finding and the court has not made any factual findings. While the court did say that LGEC *presented* a reasonable interpretation of the Easement, there has been no finding that, *in fact*, that is LGEC's interpretation of the Easement. If after discovery LGEC believes the evidence shows a reasonable interpretation, then—as Plaintiff even states in his brief—LGEC can move for summary judgment. (Filing No. 46, Plaintiff's Response at 8). Simply put, LGEC's arguments at this point of the proceeding are premature.

true that, as the grantee of the Easement, LGEC has *some* contractual interest in the property. But Indiana law is clear that where a contractual interest ends, a trespass begins. *See Taylor v. State*, 836 N.E.2d 1024, 1028 (Ind. Ct. App. 2005); *see also Bozzo v. State*, 55 N.E.3d 920, at *3 (Ind. Ct. App. 2016) (unpublished table decision) (affirming conviction for criminal trespass where student remained in campus building after hours). Plaintiff's contention is that LGEC's contractual interest is limited only to the maintenance of electrical energy, not fiber optics, and thus anything installed beyond electrical energy is the point at which a criminal trespass begins. While that contention might not hold up at the end of the case, at this point, Plaintiff has at least made out a plausible claim for criminal trespass.[3]

This is not to say proving such claim will be an easy task. On the pleadings and attachments before the court, it seems to be an uphill battle for Plaintiff with respect to his criminal trespass claim. Moreover, the parties are aware that the ICVRA is to be narrowly construed, *see Nance v. Miami Sand & Gravel, LLC*, 825 N.E.2d 826, 839 (Ind. Ct. App. 2005), and that Indiana law disfavors the use of the criminal trespass statute to try disputed rights in real property. *Steele v. State*, 132 N.E. 739, 740 (Ind. 1921), *cited with approval in Charles Downey Family Ltd. Partnership v. S & V Liquor, Inc.*, 880

---

[3] LGEC also argues that Plaintiff cannot prove that he denied LGEC entry prior to installation of the fiber optic cables. Putting aside that this argument is waived as it was raised for the first time in LGEC's reply brief, *Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011), Plaintiff has alleged that he denied LGEC permission to amend and expand the scope of the easement through oral and written communication and that he posted a no trespassing sign. (Complaint ¶ 43). Whether Plaintiff has sufficient proof of these assertions is a separate question. At this point, he's at least alleged a plausible claim sufficient to withstand a motion to dismiss.

N.E.2d 322, 328 (Ind. Ct. App. 2008). Be that as it may, Plaintiff has at least plausibly alleged a criminal trespass and so the court declines to dismiss this claim.

## C. Conversion

LGEC also moves to dismiss Plaintiff's claim for conversion because, like criminal trespass, Plaintiff cannot prove that LGEC had the requisite *mens rea* given the court's prior ruling. But before even getting to the merits, this argument fails because Plaintiff has not pled *criminal* conversion; rather, plaintiff has pled *tortious* conversion, for which proof of *mens rea* is not required. *Computers Unlimited, Inc. v. Midwest Data Systems, Inc.*, 657 N.E.2d 165, 171 (Ind. Ct. App. 1995). This is evidenced by the fact that Plaintiff pled separate counts for both "Trespass" and "Criminal Trespass" yet only pled one count for "Conversion." Had Plaintiff wanted to plead criminal conversion, he would have added another count for "criminal conversion." Plaintiff's characterization that LGEC's actions were "intentional, willful, malicious, and oppressive" forms the basis of a claim for punitive damages, not a claim for criminal conversion. Moreover, the ICVRA is not referenced under the count for conversion, yet it is referenced under the count for criminal trespass. All of this shows that Plaintiff pled a claim for tortious—and not criminal—conversion.[4]

---

[4] For the same reasons discussed in footnote 2, the court declines Defendant's request to bar Plaintiff from seeking punitive damages with respect to Plaintiff's conversion claim.

## III. Conclusion

For the reasons stated above, the court **DENIES** LGEC's Partial Motion to Dismiss. (Filing No. 36).

**SO ORDERED** this 8th day of January 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.